**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IRA L. STOKER, et. al, | 1:05-CV-01442 OWW SMS |
| Plaintiffs, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND. |
| v. | |
| JOHN MEDEIROS SR., et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court for decision is Ira L. Stoker and Karen Stoker's ("Plaintiffs" or "the Stokers") motion to remand this case to the Kern County Superior Court. (Doc. 5, filed Dec. 13, 2005.) Defendant John Medeiros has filed several documents, apparently in opposition to the motion for remand, including a "Motion to Maintain Class Action" (Doc. 9-2) and a "Notice of claim of Unconstitutionality of State Law" (Docs. 18, 19 & 20). The Stokers also filed a request for an extension of time in which to file a responsive pleading to Defendants' cross-complaint in the underlying action. (Doc. 11.) Mr. Medeiros filed a motion to strike this request. (Doc. 7.) This filing also contains some arguments in opposition to the motion for remand. (*Id.*)

1

**II.  BACKGROUND**

On September 9, 2005, the Stokers filed a complaint in the Kern County Superior Court against Mr. Medeiros.  (See Doc. 1-1, Notice of Removal.)  The complaint requested damages resulting from libel.  Specifically, the Stokers allege that Mr. Medeiros publicly paraded a sign (in both English and Spanish) in front of the Kern County Superior Court, located at 1215 Truxtun Avenue, Bakersfield, California, stating that "Ira L. Stoker, a Bakersfield Attorney, Stole Money From a 5 Year Old Disabled Handicapped Girl[.] Could you be next[?]"  (Id. at ¶¶ 5, 7.)  The Stokers allege that the sign "is libelous on its face [and] clearly exposes [the Stokers] to hatred, contempt, ridicule and obloquy because it charges plaintiff with having committed a crime of stealing." (*Id*. at ¶8.)  The summons and complaint were served on Mr. Medeiros on October 21, 2005.

On November 7, 2005, Mr. Medeiros filed a cross-complaint in the state court, asserting various federal causes of action, including violation of his first amendment rights, deprivation of civil rights.  (Doc. 1-1 at 28-30).  The cross-complaint mentions the term "class action" several times.  (*Id*.)

On November 10, 2005, Mr. Medeiros filed a notice of his intent to remove the case to federal court with the Kern County Superior Court.  On November 16, 2005, Mr. Medeiros filed a notice of removal in the United States District Court for the Eastern District of California - Fresno Division.  (Doc. 1.)  On December 13, 2005, the Stokers' moved to remand the case to superior court.  (Doc. 5.)

**2**

### III.  STANDARD OF REVIEW

Motions to remand are governed by 28 U.S.C. § 1447, which provides in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal....

28 U.S.C. § 1447(c).

### IV.  DISCUSSION

**A.  Timeliness of Motion to Remand**.

The Stokers' motion to remand was filed on December 13, 2005, within thirty (30) days of the removal on November 16, 2005.  Accordingly, the motion for remand is timely.

**B.  Subject Matter Jurisdiction**.

A district court may remand to state court a case that has been removed to the district court if at any time it appears that the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  A motion to remand on the basis of any defect in the removal procedure must be made within 30 days of the filing of the notice of removal.  *Id.*

Federal courts construe removal statutes strictly in order to limit removal jurisdiction.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).  Removal is generally proper when the district courts have original jurisdiction over the action.  *See*

3

28 U.S.C. § 1441; *Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint, *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987), and it must be clear from the face of the complaint under the well-pleaded complaint rule that federal subject matter jurisdiction exists. *Oklahoma Tax Comm'n. v. Graham*, 489 U.S. 838, 840-41 (1989)(per curiam). Upon motion for remand, the party seeking removal to federal court has the burden to prove the basis of federal jurisdiction. *Gaus*, 980 F.2d at 566.

Here, the complaint filed by the Stokers in Kern County Superior Court provides no basis for federal jurisdiction. Rather, it presents a libel claim under state law. As the parties are both citizens of California, there is no diversity of citizenship. *See* 28 U.S.C. § 1332 (district court has original jurisdiction of civil actions where amount in controversy exceeds $75,000 and there is a total diversity of citizenship of the parties). The Stoker's complaint contains no other claims that "arise under" federal law. *See* 28 U.S.C. § 1331 (district court has original jurisdiction of civil actions arising under the Constitution, laws or treaties of the United States).

Defendant now captions the case as a "class action" redesignated himself as "plaintiff." Although the term "class action" several times in the cross complaint filed in the state court as well as in many of the removal papers filed in this case. Defendant provides absolutely no basis upon which he could maintain a class action in federal court. Even if he could do so, the well-pleaded complaint rule nevertheless bars removal of the underlying state court lawsuit. Defendant's cross-complaint

**4**

1  in the underlying action refers to federal constitutional rights.
2  These rights are equally protectable in a state court.
3  Defendant's claim for relief does not create independent federal
4  jurisdiction. *Holmes Group Inc., v. Vornado Air Circulation*
5  *Systems Inc.*, 535 U.S. 826, 831 (2002).
6       Plaintiff is the master of the complaint and deference is
7  paid to the choice of forum in which plaintiff intends to
8  litigate the claims. *Easton v. Crossland Mortgage Corp.*, 114
9  F.3d 979, 982 (9th Cir. 1997); *Schroeder v. Trans World Airlines,*
10 Inc., 702 F.2d 189, 190 (9th Cir. 1983).  A plaintiff may avoid
11 federal jurisdiction by exclusive reliance on state law. *Easton*,
12 114 F.3d at 982 (citing *Caterpillar*, 482 U.S. at 392).
13      The Stokers' motion to remand is **GRANTED.**
14
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

C.  **The Stokers' Request for an Extension of Time to Respond to Mr. Medeiros' Cross-Complaint**.

As discussed, the Stokers filed a request for an extension of time in which to file a responsive pleading to Defendants' cross-complaint in the underlying action.  (Doc. 11.)  Mr. Medeiros filed a motion to strike this request.  (Doc. 7.)  Because the Stokers' motion to remand has been granted, this court no longer has jurisdiction over this case or these requests/motions.

## V.  CONCLUSION

For the reasons set forth above, this case is **REMANDED** to the Superior Court for the County of Kern.

**SO ORDERED**

Dated: February 17, 2006

                                          /s/ OLIVER W. WANGER
_____
**OLIVER W. WANGER
United States District Judge**